UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI,
NORTHERN DIVISION

| | |
|---|---|
| STEPHANIE KOVACH ) | |
| ) | |
| Plaintiff, ) | Cause No. 4:21-CV-00248 |
| ) | |
| v. ) | |
| ) | |
| MFA, INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED PETITION**

COMES NOW Defendant, MFA, Incorporated ("MFA" or "Defendant"), by and through undersigned counsel, and for its Partial Motion to Dismiss Plaintiff's First Amended Petition for Damages (the "Petition"), states as follows:

**I.     STATEMENT OF THE CASE**

On July 23, 2020, Plaintiff, a former employee of Defendant, filed the instant action in Missouri State Court for Audrain County, Missouri, alleging in Count I, hostile work environment harassment in violation of the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010, *et seq.* (2017) (the "MHRA"), and in Count II, retaliation in violation of the MHRA.  The lawsuit was then transferred to Montgomery County, Missouri, on Plaintiff's Motion for Change of Venue.  On October 7, 2020, Plaintiff filed a second lawsuit against Defendant in the Circuit Court of Boone County, Missouri, which arose from the same employment relationship and termination thereof, but which only alleged violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").  Defendant removed Plaintiff's Boone County lawsuit to the United States District Court for the Western District of Missouri, and filed a motion to dismiss on the grounds that

1

Plaintiff had impermissibly split her claims in violation of Missouri law. The District Court granted Defendant's motion, finding that Plaintiff had impermissibly split her claims.

On January 4, 2021, Plaintiff moved to file her first Amended Petition in the Circuit Court for Montgomery County, Missouri. Plaintiff's Amended Petition retained her allegations that Defendant had violated the MHRA, and added allegations that Defendant had retaliated against her for exercising her rights under the FMLA, and interfered with her exercise of rights under the FMLA. The Montgomery County Court granted Plaintiff's unopposed motion to file her Amended Petition on February 25, 2021, and Plaintiff's First Amended Petition was filed on that date. Because Plaintiff's FMLA claims are federal claims, over which this Court has original jurisdiction, Defendant subsequently removed this matter to this Court.

Defendant now seeks to dismiss Plaintiff's MHRA claims as to allegations of conduct prior to April 12, 2019. Plaintiff failed to exhaust her administrative remedies for those claims through the filing of a timely charge of discrimination, as required by the MHRA. Accordingly, under the express requirements of the MHRA, Plaintiff's failure to exhaust her remedies as to allegations prior to April 12, 2019, offers Defendant a "complete defense" to those claims, and as a result all should be dismissed.

## II.   APPLICABLE LAW

Defendant moves for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *St. Louis-Kansas City Carpenters Regional Council v. Pace Construction, LLC,* 2019 WL 4451251 (E.D. Mo. 2019). "When a plaintiff's own allegations fail to state a claim, 'this basic

deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

### III.   ARGUMENT

#### A.   All Allegations in Plaintiff's First Amended Petition Alleged to Have Occurred Prior to April 12, 2019, Should be Dismissed for Plaintiff's Failure to Timely Exhaust her Administrative Remedies

Plaintiff has alleged that Defendant discriminated against her on the basis of her sex and retaliated against her in violation of the Missouri Human Rights Act ("MHRA"), Mo.Rev.Stat. § 213.010, *et seq.* (2017). (*See,* Plaintiff's Petition).  Pursuant to the MHRA, a Plaintiff must first exhaust administrative remedies by filing a charge of discrimination within one hundred eighty (180) days of the last act of discrimination, prior to filing an action under that statute.  *See,* Mo.Rev.Stat. § 213.075.1 (2017).  Compliance with the 180 day time limit set forth in the MHRA is a condition precedent to the maintenance of any civil action alleging violation of the MHRA, and failure to comply therewith is a "complete defense" to any action thereunder, which may be raised by Defendant at any time.  Mo.Rev.Stat. § 213.075.1.  Discrete acts of discrimination occurring more than one hundred eight (180) days prior to the filing of a Charge of discrimination are not actionable under the MHRA, and, if alleged in a lawsuit, may be dismissed for failing to exhaust administrative remedies by filing a timely charge.  Mo.Rev.Stat. § 213.075.1; *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 143 (Mo.App. 2012); *see also Mooneyhan v. Telecommunications Management, LLC*, 2016 WL 6070149 (E.D. Mo. October 17, 2016) (dismissing MHRA claims not exhausted by filing of timely charge of discrimination).

Here, Plaintiff filed her Charge of Discrimination on October 9, 2019.[1]   (Exhibit A,

---

[1] Note that while Plaintiff referenced her Charge of Discrimination in her Petition, she did not attach a copy of that Charge as an Exhibit.  Federal courts, including the 8th Circuit Court of Appeals, have frequently held where a plaintiff fails to attach their charge of discrimination to their complaint, a defendant's attachment of that charge to its motion to dismiss does not convert that motion to a motion for summary judgment.  *See, e.g., Faibisch v. University of*

3

Attached).  Plaintiff has therefore exhausted only such allegations of discrimination and retaliation as were set forth in her Charge of Discrimination and which occurred after April 12, 2019. However, Plaintiff attempts to state a claim for all allegations set forth in her Petition, including for discrete allegations of discrimination and retaliation which occurred prior to April 12, 2019, and were therefore not exhausted by the filing of her Charge of Discrimination.  (Petition, at ¶¶ 46-48, 54-63).  Plaintiff purports to state a claim for "Sexual Harassment and Hostile Work Environment" under Count I for discrete acts of discrimination alleged to have occurred prior to April 12, 2019, by incorporating and restating all prior allegations from the Petition into Count I and alleging that those actions constituted illegal hostile work environment harassment for which she seeks recovery in the form of damages.  (Petition, at ¶¶ 46-53).  In Count II of the Petition, for Retaliation, Plaintiff expressly seeks to recover for a list of retaliatory conduct alleged to have occurred long before April 12, 2019.  (Petition, at ¶¶ 54-67).  The only retaliation alleged to have occurred after that date is Plaintiff's termination.  (Petition, at ¶ 55).

Plaintiff's Petition recites many allegations which were alleged to have occurred outside the one hundred eighty (180) day period prior to the filing of her Charge, prior to April 12, 2019.[2] (See, Petition).  For many other allegations in the Petition, neither exact nor approximate dates are identified, though many of those allegations are referenced in relation to events dated very early in her employment, years before April 12, 2019.  For instance, Plaintiff alleges that she was sexually assaulted at work in 2016, and that she subsequently reported the alleged assault to MFA's management.  Most of the allegations in Plaintiff's Petition concern a narrative related to that

---

*Minnesota*, 304 F.3d 797 (8th Cir. 2002); *Becton v. St. Louis Public Regional Public Media, Inc.*, No. 4:16–CV–1419 CAS, 2017 WL 769900 (E.D. Mo. Feb. 28, 2017).
[2] A number of allegations are expressly described as having occurred outside the relevant period, including an assault in 2016.  Plaintiff also alleges a number of events to have occurred under Plaintiff's prior supervisor, or shortly after her transfer to a new supervisor, and therefore long before April 12, 2019.  It is believed that a number of other acts described in the Complaint will be found to be based upon [entirely nondiscriminatory] events, which occurred prior to April 12, 2019, and are therefore untimely due to lack of exhaustion.

4

alleged assault, its reporting, and the actions of MFA managers and employees related to that reporting. (Petition, at ¶¶ 8-39). According to the Petition, that all occurred long before April 12, 2019. In fact, Plaintiff alleges that MFA had received her complaint, investigated, and informed her that it would not be taking any action based upon that complaint by January of 2019, well before the exhaustion period began. (Petition, at ¶¶ 36-39). None of these allegations were exhausted by the filing of a timely charge of discrimination, and, accordingly, all should be dismissed.

Despite the fact that Plaintiff has failed to administratively exhaust these claims, she still seeks to recover for them. In Count I of the Petition, Plaintiff seeks to recover for all allegations of harassment which were previously raised therein, the vast majority of which were not administratively exhausted. In Count II, Plaintiff expressly seeks to recover for several specific acts alleged to have occurred long before April 12, 2019. In fact, each specific act of retaliation alleged in Count II of Plaintiff's Petition occurred before that date, none of which was therefore exhausted. (Petition, at ¶¶ 55-67). The only allegations set forth in Plaintiff's Petition which *have been* administratively exhausted by the filing of Plaintiff's charge, are those relating to her termination. Plaintiff was terminated on August 27, 2019, and therefore within the applicable window for administrative exhaustion.

Because Plaintiff has failed to file a timely Charge of discrimination for any alleged act of discrimination or retaliation prior to April 12, 2019, she has failed to exhaust her administrative remedies for those claims. Accordingly, all claims of discriminatory or retaliatory conduct alleged to have occurred prior to April 12, 2019, should be dismissed for failure to state a claim for which relief may be granted. Mo.Rev.Stat. § 213.075 (2017); *Reed*, 363 S.W.3d 134.

### B.     Continuing Violation Theory Inapplicable

It is also clear that Plaintiff cannot prevail on her claims under a continuing violation theory. Missouri and federal Courts recognize a limited exception to the requirement of administrative exhaustion for continuing violations of hostile work environment. Under a continuing violation theory, a plaintiff may state a claim for which relief may be granted even for untimely incidents of harassment if they form a part of a continuing violation together with some timely act(s) of harassment. *See, e.g., Tisch v. DST Sys., Inc.*, 368 S.W.3d 245, 254 (Mo.App. 2012) (citing to *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). "A continuing violation is established when the plaintiff shows 'a series of closely-related, similar events that occurred within the same general time period and stemmed from the same source' that 'continued into the limitations period.'" *Id.* at 254 (*citing Pollack v. Wetterau Food Distribution Group*, 11 S.W.3d 754 (Mo.App. E.D. 1999)). As stated by the U.S. Supreme Court in *Morgan*, discrete acts of discrimination are "easy to identify," and as a result, "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." 536 U.S. at 113. "[D]iscrete acts that fall within the statutory time period do not make timely acts that fall outside the time period." *Id.*, at 112.

Plaintiff has not expressly alleged that the otherwise untimely and unexhausted claims are a part of a continuing violation, though she does discuss a "continuing pattern of unwelcome harassment," without alleging that any part of that alleged pattern extended into the period after April 12, 2019. Additionally, the allegations set forth in Plaintiff's Petition are not of a type to constitute a continuing violation because they are not a series of similar events which occurred within the same general time period and which continued into the limitations period. Instead, Plaintiff's Petition sets forth allegations of discriminatory conduct, all of which are alleged to have

happened in and around 2016, and none of which is alleged to have continued into the limitations period.  The only allegation set forth in Plaintiff's Petition which is alleged to have occurred after April 12, 2019, and therefore to have been administratively exhausted by the filing of Plaintiff's Charge of Discrimination, is her termination.   Plaintiff does not allege that her termination was a part of the same pattern as the earlier harassment, but rather states that she was "seen as a problem" for having previously reported and/or opposed alleged "sexual assault and harassment."  (Petition, at ¶ 41).  Plaintiff's allegations of earlier sexual assault and harassment are not "closely-related," nor are they similar to, Plaintiff's allegation of termination.  They also are not from the same "general time period," but rather are alleged to have occurred years apart.

      Plaintiff alleges she was the victim of a sexual assault in 2016, and a series of harassment that allegedly occurred around the time of that assault.  Plaintiff then alleges she was terminated long after those events.  As discussed above, the only allegations which were exhausted through the filing of a timely charge of discrimination are those surrounding her termination.  While termination is plainly a discrete act of discrimination and not a part of a continued pattern of harassment along with the earlier allegations, Plaintiff further distinguishes her termination from the much earlier allegations of assault, harassment, reassignment, and differential leave practices by alleging that her termination was discriminatory in that she was treated differently from male employees who engaged in the same conduct, and/or was in retaliation for having reported the harassment, in and before "early 2018." (Petition, at ¶¶ 29, 41-42).

      For this reason Plaintiff's earlier, untimely allegations do not establish a continuing violation together with her termination which would allow her to state a claim for which relief may be granted as to those earlier allegations.  Accordingly, Plaintiff has failed to administratively exhaust all claims alleged to have occurred prior to April 12, 2019, and those claims should be

7

dismissed.

WHEREFORE, Defendant moves this court to dismiss with prejudice, for failure to a state claim, in all Counts of Plaintiff's Petition, all claims having occurred or alleged to have occurred, prior to April 12, 2019, and for such other relief as may be appropriate.

>Respectfully submitted,
>
>McMAHON BERGER, P.C.
>
>  /s/Robert D. Younger
> Robert D. Younger, #42909
> Thomas O. McCarthy, #22636
> 2730 North Ballas Road, Suite 200
> St. Louis, Missouri  63131
> (314) 567-7350
> (314) 567-5968 (facsimile)
> younger@mcmahonberger.com
> mccarthy@mcmahonberger.com

**CERTIFICATE OF SERVICE**

  I certify that on this 26th day of February, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Missouri by using the CM/ECF system and that a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

Allison M. Nelson
Benjamin B. Nelson
Allen, Nelson & Wilson
29 East Ash Street
Columbia, MO   65203
Allison.nelson@anwinjurylaw.com
Ben.nelson@anwinjurylaw.com

Attorneys for Plaintiff

                 */s/Robert D. Younger*