UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE KOVACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-00013-SEP |
| | ) | |
| MFA, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Leave to Dismiss Counts III and IV of First Amended Complaint (Doc. [21]) and Motion to Remand (Doc. [22]). For the reasons set forth below, the Motion to Dismiss is granted, and the Motion to Remand is denied.

### I. FACTS AND BACKGROUND

Plaintiff Stephanie Kovach initially filed this action in the Circuit Court of Audrain County, Missouri, on July 23, 2020, alleging violations of only the Missouri Human Rights Act (MHRA). Doc. [8]. Plaintiff filed for a change of venue requesting a transfer to Boone County. Doc. [10] ¶ 1. The motion was granted, but the action was transferred to Montgomery County. *See id.* Plaintiff filed a second petition against Defendant on October 7, 2020, in Boone County, alleging violations of only the Family and Medical Leave Act (FMLA). Doc. [24] at 1. Defendant removed that action to the United States District Court for the Western District of Missouri, which, upon Defendant's motion to dismiss, dismissed the action because Plaintiff had impermissibly split her claims. *Id.* at 2. Plaintiff then amended the instant petition, retaining the MHRA claim and adding FMLA claims. Defendant removed the action on the basis of federal question jurisdiction and supplemental jurisdiction. The Amended Complaint includes four counts, two under the MHRA and two under the FMLA:

        Count I: Sexual Harassment and Hostile Work Environment under the MHRA
        Count II: Retaliation under the MHRA
        Count III: Retaliation for Exercising Rights under the FMLA
        Count IV: Interfering with, Restraining, or Denying the Exercise of, or Attempt to Exercise, Rights under the FMLA

1

*See* Doc. [10]. Plaintiff moves to dismiss Counts III and IV—the FMLA claims—and to remand the action to the Circuit Court of Montgomery County. Docs. [21], [22]. Defendant does not oppose the dismissal of Counts III and IV but does oppose remand. *See* Doc. [24] at 4 n.1.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 41(a)(2) provides that after "the opposing party serves either an answer or a motion for summary judgment[,] . . . an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." This rule is "primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would 'unfairly affect' the defendant." *Beavers v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)). "The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the sound discretion of the court . . . ." *Id.*; *see also Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). The Eighth Circuit provides factors for the district court to consider in ruling on such a motion, including "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm*, 187 F.3d at 950). A party cannot voluntarily dismiss "simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005). Unless a court states otherwise, dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

### B. Motion to Remand

"A district court exercising original jurisdiction over federal claims also has supplemental jurisdiction over state claims which 'form part of the same case or controversy' as the federal claims." *Starkey v. Amber Enters., Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (quoting 28 U.S.C. § 1367(a)). If in a removed case "the district court has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c), it has discretion to remand the action to state court "upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). When deciding whether to maintain supplemental jurisdiction, a court considers the four "*Gibbs* factors": "judicial economy, convenience, fairness, and comity." *See City of Chicago v. Int'l Coll. of*

*Surgeons*, 522 U.S. 156, 158 (1997) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 357); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966)). A court can also consider "whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Carnegie-Mellon Univ.*, 484 U.S. at 357; *see Barondes v. Wolfe*, 184 F. Supp. 3d 741, 744-45 (W.D. Mo. 2016).

## III. DISCUSSION

### A. Motion to Dismiss

Defendant does not oppose Plaintiff's Motion to Dismiss Counts III and IV. Doc. [24] at 4 n.1. In addition, all three factors articulated by the Eighth Circuit weigh in favor of granting the voluntary dismissal. *See Thatcher*, 659 F.3d at 1213-14 (listing factors). First, Plaintiff has presented the Court with a "proper explanation for [her] desire to dismiss." *Id.* Plaintiff's FMLA claims depended heavily upon the anticipated testimony of Amanda Cooper, Defendant's head of human resources, but Cooper's deposition revealed she "knew surprisingly little about FMLA leave and her involvement [with Plaintiff] was limited." Doc. [25] at 4. As a result, Plaintiff moved for dismissal of her FMLA claims two days after Cooper's deposition. *Id.* In light of this rationale, the Court finds that Plaintiff's dismissal is not an impermissible attempt to seek a more favorable forum, notwithstanding the fact that she simultaneously seeks remand of her remaining claims. *See Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017) ("A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum."). The fact that dismissal of her FMLA claims will not necessarily result in remand further buttresses that conclusion. *See Carnegie-Mellon Univ.*, 484 U.S. at 357 (remanding state law claims after dismissal of federal claims is discretionary).

The second and third factors likewise support granting the Motion. Dismissal of the FMLA claims would not result in a waste of judicial time or effort: Plaintiff moved for dismissal less than a month after removal; the Court has not ruled on any substantive motions relating to the FMLA claims; and the MHRA claims remain before this Court. By contrast, requiring Plaintiff to litigate claims she no longer wishes to pursue would unnecessarily burden both the parties and the Court. *See Ampleman v. Trans State Airlines*, 204 F.R.D. 437, 438 (E.D. Mo. 2001). And finally, Defendants have consented to the dismissal and do not claim that they will be prejudiced by it. The Motion is granted, and Counts III and IV are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

### B. Motion to Remand

In light of the dismissal of her federal claims, Plaintiff also moves to remand this action to the Circuit Court of Montgomery County, whence it was removed. Defendant opposes the Motion. Because only state law claims remain, this action may remain in federal court only if the Court exercises supplemental jurisdiction over the MHRA claims. In deciding whether such an exercise is appropriate, the Court first considers the four *Gibbs* factors: judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ.*, 484 U.S. at 357. In addition, the Court "can consider whether the plaintiff has engaged in any manipulative tactics." *Id.* ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of [*Gibbs*] factors . . . support[s] a remand . . . .").

None of the *Gibbs* factors weighs in favor of remanding this action to state court. Defendant has already answered Plaintiff's Amended Complaint, the parties have fully briefed the motion to dismiss, and discovery has commenced. *See generally* Docs. [4], [5], [17], [18]. Therefore, remand would not be in the interest of judicial economy. *Cf. Aldridge v. Hoskin*, 2020 WL 6313736, at *2 (E.D. Mo. Oct. 28, 2020) (finding judicial economy was not "substantially sacrificed" by remanding because the defendants had not answered the complaint and discovery had not begun). Rather, transferring the action will delay adjudication and require another court to address a motion that is already fully briefed before this Court.

This action has a convoluted procedural history. Defendant has expended time and resources defending against Plaintiff's claims in at least two Missouri circuit courts and two federal district courts in the context of two separate lawsuits. When Plaintiff filed her FMLA claims in Boone County, Defendant removed the action to federal court. Therefore, it should have come as no surprise that when Plaintiff added the same claims to the instant Complaint, Defendant again removed the action, which is its right. *See* 28 U.S.C. § 1441(a), (c). Plaintiff may now seek voluntary dismissal of her FMLA claims for any number of permissible reasons, but she still knowingly subjected herself to the likelihood of removal to federal court by amending her complaint to bring federal claims. Under the circumstances, transferring this case again would be unfair to Defendant.

Neither of the remaining two *Gibbs* factors—convenience and comity—provides any consideration significant enough to rival those of judicial economy and fairness in this case. Both parties present arguments regarding the proximity of litigants and counsel to the two fora,

but the differences are not substantial. Thus, convenience does not weigh heavily in the Court's balancing under *Gibbs*. And neither does comity, where Plaintiff's MHRA claims do not present novel or complex issues of state law, and this Court routinely adjudicates MHRA claims. *See Starkey v. Amber Enters.*, 987 F.3d 758, 765-66 (8th Cir. 2021) (exercising supplemental jurisdiction "would not offend principles of comity or fairness" because the state law claim was "neither novel nor complex"); *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1141 (8th Cir. 2014) (upholding the district court's exercise of supplemental jurisdiction over state law claims involving "well-settled principles of state law"); *cf. Marianist Province of United States v. City of Kirkwood*, 944 F.3d 996, 1003 (finding comity weighs in favor of remand given the "unusual nature" of the state statute and the lack of case law interpreting it).

Because, on balance, the *Gibbs* factors favor retaining jurisdiction over Plaintiff's MHRA claims, the Court does not reach whether Plaintiff has engaged in "manipulative tactics." *Carnegie-Mellon Univ.*, 484 U.S. at 357. The Motion to Remand is denied.

Accordingly,

**IT IS HEREBY ORDED** that Plaintiff's Motion for Leave to Dismiss Counts III and IV of First Amended Complaint (Doc. [21]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. [22]) is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion to Compel Discovery (Doc. [15]) is **DENIED as moot**. The parties should address any existing or future discovery disputes in accordance with this Court's Local Rules, E.D.Mo. L.R. 3.04, and the procedures set forth in the Case Management Order. *See* Doc. [31] ¶ 3(g).

An appropriate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of July, 2021.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE